**2011-1527**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## UNITED STATES,

Plaintiff-Appellee,

v.

## TREK LEATHER, INC.,

Defendant,

**and**

## HARISH SHADADPURI,

Defendant-Appellant.

Appeal from the United States Court of International Trade
in Case No. 09-CV-00041, Senior Judge Nicholas Tsoucalas

**REPLY BRIEF OF
DEFENDANT-APPELLANT, HARISH SHADADPURI**

JOHN J. GALVIN
Galvin & Mlawski
245 Fifth Avenue
Suite 1902
New York, New York 10016
Tel.: (212) 679-1500

Attorneys for Defendant-Appellant,
Harish Shadadpuri

July 18, 2012

Form 9

FORM 9.  Certificate of Interest

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

UNITED STATES  v. TREK LEATHER, Inc. AND HARISH SHADADPURI

No. _2011-1527_

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)
_APPELLANT_ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.     The full name of every party or amicus represented by me is:

HARISH SHADADPURI

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

— none —

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

— none —

4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

JOHN J. GALVIN    GALVIN & MLAWSKI

08/22/2011
Date

_Signature of counsel_

JOHN J. GALVIN
Printed name of counsel

Please Note: All questions must be answered
cc: _____

Reset Fields

(i)

# TABLE OF CONTENTS

**Page**:

CERTIFICATE OF INTEREST ........................................................... i

TABLE OF CONTENTS ................................................................... ii

TABLE OF AUTHORITIES ............................................................... iii

SUMMARY ...................................................................................... 1

STATUTES ......................................................................................... 1

DISCUSSION ..................................................................................... 2

CONCLUSION .................................................................................... 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**<u>Cases</u>**:                                                                                         **<u>Page</u>**:

<u>Aegis Sec. Ins. Co.</u> v. <u>Fleming</u>,
Slip Op. 08-142 (Ct. Int'l. Trade Dec. 23, 2008) ..................................... 6, 8

<u>United States</u> v. <u>Action  Products Int'l., Inc.</u>, 25 CIT 139 (2001) ............ 5, 8

<u>United States</u> v. <u>Appendagez, Inc.</u>,
560 F. Supp. 50 (Ct. Int'l. Trade 1983)....................................................... 7

<u>United States</u> v. <u>Golden Ship Trading</u>, 22 CIT 950 (1998) ...................... 7

<u>United States</u> v. <u>Hitachi America, Ltd.</u>, 21 CIT 373, 964 F. Supp. 344
(1997), *aff'd.-in-part, vacated-in-part, rev'd.-in-part and remanded*,
172 F. 3d 1319  (Fed. Cir. 1999) ............................................................. 2, *passim*

<u>United States</u> v. <u>Inn Foods Inc.</u>, 560 F.3d 1338 (Fed. Cir. 2009) ............ 4, 5

<u>United States</u> v. <u>Matthews</u>,
533 F. Supp. 2d 1307 (Ct. Int'l. Trade 2007) ... ........................................ 7

<u>United States</u> v. <u>Priority Products, Inc.</u> 615 F. Supp. 591
(Ct. Int'l. Trade 1985), *aff'd.,* 793 F. 2d 296 (Fed. Cir. 1986) .................. 6, 7

**<u>Statutes and Regulations</u>**:

19 U.S.C. § 1592(a)(1) ............................................................................ *Passim*

19 U.S.C. § 1592(d) ................................................................................ *Passim*

19 C.F.R. pt. 171 App. B(C)(2) ............................................................... 5

## SUMMARY

19 U.S.C. § 1592(a)(1)(A) prohibits any person from entering or introducing merchandise into the United States by means of material false statements or omissions. 19 U.S.C. § 1592(a)(1)(B) states that no person may aid or abet another person's violation of § 1592(a)(1)(A). Finally, 19 U.S.C. § 1592(d) provides that lost duties arising from a Section 1592(a) violation shall be restored to the Government.

Neither § 1592(d) nor subparagraph (A) or (B) of § 1592(a)(1) expressly define the domain of parties potentially liable for penalties or lost duties. Nevertheless, Appellant submits that corporate shareholders and officers are only liable for Section 1592 penalties and lost duty where they have either aided and abetted the corporate importer's fraud, or where, as the result of a formal veil piercing analysis, they have been found to be the alter ego of the corporation.

## STATUTES

19 U.S.C. § 1592(a)(1) provides (emphasis ours):

**§ 1592. Penalties for fraud, gross negligence, and negligence**
**(a) Prohibition**
   **(1) General Rule**
      Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty, tax, or fee thereby, no person, by fraud, gross negligence, or negligence -

(A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of -
    (i) any document or electronically transmitted data or information, written or oral statement, or act which is material and false, or
    (ii) any omission which is material, **or**

(B) may aid or abet any other person to violate subparagraph (A).

19 U.S.C. § 1592(d) provides:

**§ 1592(d) Deprivation of lawful duties, taxes, or fees**

Notwithstanding section 1514 of this title, if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of subsection (a) of this section, the Customs Service shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed.

## DISCUSSION

As correctly noted by the Government at page 5 of its brief, the trial court below held that the corporate defendant "Trek and Mr Shadadpuri committed gross negligence, in violation of 19 U.S.C. § 1592(a) by importing men's suits into the United States by means of material false entry documents with wanton disregard for and indifference to their obligations under the statute. *Trek*, 781 F. Supp. 2d at 1313."

In <u>United States</u> v. <u>Hitachi America, Ltd.</u>, 21 CIT 373, 379, 964 F. Supp. 344 (1997), *aff'd.-in-part, vacated-in-part, rev'd.-in-part and remanded*, 172 F. 3d 1319, 1338 (Fed. Cir. 1999), this Court stated (emphasis ours):

As the Court of International Trade pointed out, the Customs laws asserted by the government, 19 U.S.C. §§ 1484, 1485, apply by their terms **only to importers of record.** See Hitachi Am., 964 F. Supp. at 356. Because HAL [Hitachi America, Ltd.] is **the importer of record,** Hitachi Japan may **not** be held directly liable for a violation of those provisions and can only be liable under 19 U.S.C. § 1592(a)(1)(B) for aiding or abetting. See id. [1]

After correctly observing that liability for aiding or abetting fraud "requires, inter alia, proof of knowledge of unlawfulness, also articulated as intent to violate the law," 172 F. 3d at 1337, the Court stated (Id., emphasis added):

> [A]lthough a literal reading of 19 U.S.C. § 1952(a) might at first blush suggest the possibility that a party can be found liable for negligently aiding or abetting negligence, any such interpretation would conflict with the generic requirement to show knowledge or intent to establish aiding or abetting liability and, in any event, is itself wholly without support and inconsistent with fundamental legal logic. We therefore reverse the Court of International Trade on this legal issue.

At page 10 of its brief, the Government characterizes the foregoing as mere *dicta,* asserting that the Court in Hitachi "*was silent upon whether a 'person' other than the importer of record may be held liable for violating section 1592(a)(1)(A) if that 'person' was responsible for material false statements or omissions.*"

---

[1] As in Hitachi, the Customs laws assertedly violated in the present case were 19 U.S.C. § 1484 and § 1485. See pages 5 through 8 of the Government's Nov. 1, 2010 Memorandum in Support of its Motion for Summary Judgment. Jt. App. at pp. A484 - A487..

Ten years after issuing its decision in Hitachi, this Court reiterated that holding in United States v. Inn Foods Inc., 560 F.3d 1338 (Fed. Cir. 2009), stating (emphasis ours):

> Where Congress intends a provision of the Tariff Act to apply only to the importer, it says so explicitly. See, e.g., 19 U.S.C. § 1484 (referring specifically to the "importer of record"); id. § 1485 (same); id. § 1505 (same); see also Hitachi, 172 F. 3d at 1336 (**non-importer defendant could be liable under § 1592(a)(1)(B) as an aider and abettor, but not under §§ 1484-85 directly because those sections "apply by their terms only to importers of record"**).

In that case, the Court affirmed the trial court's holding that the corporate defendant had fraudulently violated § 1592(a)(1)(A) as respects the entry of its own merchandise <u>and</u> had violated § 1592(a)(1)(B) by aiding and abetting the fraudulent entry of its corporate affiliate's merchandise.[2]   The Court further upheld the trial court's decision holding that any party guilty of fraud **or** aiding and abetting fraud is liable for lost duties under section 1592(d), stating (560 F. 3d at 1346):

> the language and structure of § 1592 indicates that subsection (d) [requiring the restoration of lawful duties] is not limited to only importers and their sureties, but is intended to apply to further the mandatory recovery of unpaid duty from any party liable under subsection (a) [the importer or one who aids or abets the importer].

---

[2]

Because this Court affirmed the trial court's finding that Inn Foods had aided and abetted the fraudulent entry of its affiliate's merchandise, it was unnecessary to address the alternative issue of whether the CIT was required to engage in a formal veil piercing analysis when finding that Inn Foods was also the alter ego of its affiliate.

-4-

Continuing, this Court observed (560 F. 3d at 1347):

> The clear purpose of the statute [§ 1592(d)] as well supports a broad reading. It seems inherently improbable that the statute was intended to allow a party (such as Inn Foods) that deprives the government of revenue by aiding and abetting another's fraudulent entry of merchandise to be subject to penalties, yet bear no responsibility under § 1592(d) to make the United States whole by paying the duty lost as a result of that fraud.

The clear teaching of the Court's decisions in Hitachi and Inn Foods is that those who have committed fraud, or aided and abetted fraud, are, respectively, liable for penalties under 19 U.S.C. § 1592(a)(1)(A) or § 1592(a)(1)(B) as well as lost duty under § 1592(d). In the case at bar, the trial court found that the corporate Importer of Record's misstatements and/or omissions were occasioned by gross negligence.[3] Accordingly, under the holdings in both Hitachi and Inn Foods as well as the CIT's reasoning in United States v. Action Products Int'l., Inc., 25 CIT 139 (2001), appellant reasserts that it is inconsistent with fundamental legal logic that Mr. Shadadpuri could have aided or abetted the corporate Importer of Record's gross negligence.

---

[3] 19 C.F.R. pt. 171 App. B(C)(2) provides (emphasis added):

A violation is deemed to be *grossly negligent* if it results from an act or A violation is deemed to be *grossly negligent* if it results from an act or acts (of commission or omission) done with actual knowledge of or wanton disregard for the relevant facts **and** with indifference to or disregard for the offender's obligations under the statute.

Notwithstanding the foregoing, the Government asserts that Mr. Shadadpuri is a "person" within the meaning of § 1592(a)(1)(A) who, through gross negligence, entered or introduced merchandise into the commerce of the United States by means of documents which were material and false and/or by material omissions. The same argument was posited and rejected by Chief Judge Restani in Aegis Sec. Ins. Co. v. Fleming, Slip Op. 08-142 (Ct. Int'l. Trade Dec. 23, 2008). That case involved whether Fleming, the sole shareholder and employee of the corporate importer accused of subverting an antidumping duty order on Chinese pencils, could be held personally liable under Section 1592(a). In rejecting the surety-third party plaintiff's argument, Judge Restani ruled (footnote omitted):

> Under the facts of the case, however, absent piercing of the corporate veil [under applicable Florida State law], Fleming may not be liable under this theory because he was not the one who directly entered or introduced merchandise into commerce. Rather, the corporation was the importer of record, which utilized customs brokers to file entry documents on its behalf. Nonetheless, Fleming may still be liable for violation of § 1592(a) if he aided and abetted the corporation to violate the statute. See United States v. Action Products Int'l. Inc., 25 C.I.T. 139, 144 (2001) (stating that one cannot be held liable for negligent aiding or abetting because "a claim of aiding and abetting requires knowledge or intent on the part of the offender") (quoting United States v. Hitachi Am., Ltd., 172 F. 3d 1319, 1338 (Fed. Cir. 1999).

In support of its argument that "persons" subject to § 1592(a) liability are not confined to Importers of Record, the Government cites to the decisions in United States v. Priority Products, Inc. 615 F. Supp. 591 (Ct. Int'l. Trade 1985), *aff'd.,* 793

-6-

F. 2d 296 (Fed. Cir. 1986) and <u>United States</u> v. <u>Matthews</u>, 533 F. Supp. 2d 1307 (Ct. Int'l. Trade 2007). Unlike the present case, in both <u>Matthews</u> and <u>Priority Products</u> the corporate importer of record had committed <u>fraudulent</u> violations of § 1592(a). However, in holding that the corporate officers in both cases were jointly and severally liable thereunder, neither court engaged in any discussion of section 1592(a)(1)(B) aiding or abetting liability.

Similarly, the Government's reliance on the trade court's decisions in <u>United States</u> v. <u>Appendagez, Inc.</u>, 560 F. Supp. 50 (Ct. Int'l. Trade 1983) and <u>United States</u> v. <u>Golden Ship Trading</u>, 22 CIT 950 (1998), is equally misplaced. Indeed, in both cases there was no citation to nor reference of § 1592(a)(1)(B) let alone any discussion of aiding and abetting liability thereunder.

Finally, at pages 8-9 of its brief, the Government asserts that, rather than giving effect to every clause and word of a statute, appellant's construction would emasculate an entire section. This argument is itself predicated on the Government's erroneous assertion that "[b]*oth subparagraphs (A) and (B)* [to § 1592(a)(1)] *envision that any 'person' may violate subparagraph (A).*" Gov't. Brief at 9. It is submitted that the correct statement is that both subparagraphs (A) and (B) to § 1592(a)(1) envision that any person may violate § 1592(a) - <u>not</u> § 1592(a)(1)(A). Indeed, accepting the Government's construction would render § 1592(a)(1)(B) superfluous.

Although Mr. Shadadpuri was the sole shareholder of the corporate importer of record, unlike the situation in <u>Fleming</u>, he was not the sole employee. Nevertheless, as in <u>Fleming</u>, it is submitted that, absent a formal veil piercing analysis finding Mr. Shadadpuri to be the corporation's alter ego, he is not personally liable under section 1592(a)(1)(A) since he was not the one who directly entered or introduced merchandise into commerce. Rather, as in <u>Fleming</u>, the corporation was the importer of record, which utilized customs brokers to file entry documents on its behalf. As in <u>Fleming</u>, Mr. Shadadpuri would only be liable for violating § 1592(a) if he had aided or abetted the corporation's <u>fraudulent</u> violation of the statute.

If, as stated by this Court in <u>Hitachi</u>, negligently aiding or abetting an importer's negligence is *"inconsistent with fundamental legal logic,"* it necessarily follows that grossly negligent aiding or abetting an importer's gross negligence is equally inconsistent with fundamental legal logic. Indeed, such was the CIT's well-reasoned conclusion in <u>Action Products</u>.

## CONCLUSION

Since Mr. Shadadpuri could not have violated 19 U.S.C. § 1592(a)(1)(B) by grossly negligent aiding or abetting the corporate importer's gross negligence, nor was he found to be the mere alter ego of the corporate importer as the result of a

formal veil piercing analysis, he cannot be liable under the penalty provision of §

1592(a) nor liable for the restoration of lost duty under § 1592(d).  The trial court's

decision to the contrary was reversible error and, accordingly, should be reversed.

Respectfully submitted,

___/s/ John J. Galvin___
John J. Galvin
GALVIN & MLAWSKI
245 Fifth Avenue
Suite 1902
New York, New York 10016
Tel.: (212) 679-1500

Attorneys for Defendant-Appellant,
Harish Shadadpuri

Dated: July 18, 2012,
     New York, New York.

## CERTIFICATE OF COMPLIANCE

Pursuant to FRAP Rule 32(a)(7), undersigned counsel for Defendant-Appellant, Harish Shadadpuri, hereby certifies that the attached Reply Brief contains 2,209 words, excluding those parts of the Brief exempted by the Rule. The Brief complies with the typeface and type style requirements of FRAP Rule 32(a)(5) and was prepared using Times New Roman 14 point font, proportionately spaced typeface.

John J. Galvin

Dated: July 18, 2012,
      New York, New York.

## CERTIFICATE OF SERVICE

I, JOHN J. GALVIN, hereby certify that two (2) true copies of appellant's

Reply Brief and Joint Appendix were served this 18th day of July, 2012, upon counsel

for plaintiff-appellee, the United States, via Federal Express, next business day

delivery, addressed as follows:

Stephen C. Tosini, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Suite 7020
Washington, D.C. 20005

By: _____
John J. Galvin

Dated:   July 18, 2012,
         New York, New York.